Henry J. KIRKSEY et al.,
Plaintiffs-Appellants,

v.

CITY OF JACKSON et al.,
Defendants-Appellees.

No. 77–1749.

United States Court of Appeals,
Fifth Circuit.

April 21, 1977.

Frank R. Parker, Michael A. Middleton, Thomas J. Ginger, Lawyers' Comm. for Civil Rights Under Law, Jackson, Miss., for plaintiffs-appellants.

John E. Stone, City Atty., Davis H. Smith, Asst. City Atty., Ben Piazza, Edward L. Cates, Jackson, Miss., for defendants-appellees.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

BY THE COURT:

IT IS ORDERED that appellants' petition for injunction pending appeal is denied. The district court is directed to expedite hearing on the merits to the earliest feasible time.

GEE, Circuit Judge, specially concurring:

I write briefly to give my reasons for joining in the above order. To say no more, I entertain grave doubts as to the constitutionality of the present at-large system of elections in the City of Jackson under the preliminary factual showing made by the plaintiffs herein and the principles laid down in *White v. Register*, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1973) and our consequent opinions in *Zimmer v. McKeithen*, 485 F.2d 1297 (1973), and *Wallace v. House*, 515 F.2d 619 (1975). If these stood alone, I would be persuaded that it is our duty to enjoin the election. They do not, however, and to my ear the trumpet has since given an uncertain sound. *Cf. Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Austin Independent School District v. United States*, —— U.S. ——, 97 S.Ct. 517, 50 L.Ed.2d 603 (1977); *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, —— U.S. ——, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); but *cf. United Jewish Organizations of Williamsburgh, Inc. v. Carey*, —— U.S. ——, 97 S.Ct. 996, 51 L.Ed.2d 229 (1977). When there is added to this circumstance the court's decision to expedite hearing on the merits of this matter, however, the scale is tipped for me. For if the present plan is constitutional, no harm has been done by permitting the election to proceed and a deplorable disruption of valid election processes has been avoided. And if it is not, I see no irreparable injury to plaintiffs: those who would be holding over in office should we enjoin the election were returned under the very plan complained of. At least this election will produce officials with some sort of current mandate, to hold office pending the disposition of the merits. And clearly there can be no contention in the event that the plan is finally invalidated that plaintiffs have laid by or bypassed pre-election judicial relief. See *Toney v. White*, 488 F.2d 310, 315 (5th Cir. 1973) (en banc). I therefore concur in the court's order.